# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE NORTHERN TRUST COMPANY, an Illinois banking corporation, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION FILE NO. <br>) |
| SHAW DEKALB PROPERTIES, LLC, a Georgia limited liability company, and PAMELA J. SHAW, and TIMOTHY G. SHAW | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **VERIFIED COMPLAINT**

Plaintiff, The Northern Trust Company, ("Northern Trust"), by and through its undersigned counsel, for its Complaint against Defendants Shaw DeKalb Properties, LLC ("Shaw DeKalb"), and Pamela J. Shaw and Timothy G. Shaw ("Guarantors"), (collectively, the "Defendants") states as follows:

## **INTRODUCTION**

1. This action arises from Defendants' failure to pay money owed to Northern Trust pursuant to the First Amended and Restated Drawdown Term Note ("Note") entered into between Northern Trust and Shaw DeKalb on December 29, 2020, the Guaranty executed by Guarantors in favor of Northern Trust on December

29, 2015 ("Guaranty"), and the Reaffirmation of Guaranty ("Reaffirmation") executed by Guarantors in favor of Northern Trust on December 29, 2020.

## PARTIES

2. Plaintiff Northern Trust is an Illinois banking corporation with its principal place of business in Chicago, Illinois.

3. Defendant Shaw DeKalb is a limited liability company organized and existing under the laws of the State of Georgia. Membership in Shaw DeKalb is limited to Pamela J. Shaw and/or Timothy G. Shaw. Shaw DeKalb can be served at the address of its Registered Agent, c/o Timothy G. Shaw, 3725 Wickloe Ct, Snellville, GA 30039, or alternatively at its principal place of business 2933 Miller Road, Decatur, Georgia 30035.

4. Defendant Pamela J. Shaw is a natural person with her principal residence at 491 Second Road East, Stoney Creek, Ontario, CA L8J 2X9. Pamela J. Shaw is the owner, Sole Manager, President and CEO of Shaw DeKalb.

5. Defendant Timothy G. Shaw is a natural person. Timothy G. Shaw can also be served at 3725 Wickloe Ct, Snellville, GA 30039 or alternatively, at his residence at 491 Second Road East, Stoney Creek, Ontario, CA L8J 2X9.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this proceeding on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2), as it is between citizens of

different states and a foreign state, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

8. Pursuant to the terms of the Note and the Guaranty, the Parties have agreed that this Court has jurisdiction over all Defendants.

9. Pursuant to the terms of the Note and the Guaranty, the Parties have agreed that venue is proper in this district.

10. Pursuant to the terms of the Note and the Guaranty, the Parties have agreed this dispute is governed by Illinois law.

## NATURE OF THE ACTION

11. This action for breach of contract arises from Defendants' breaches of contract to satisfy the indebtedness owed to Northern Trust under the Note, the Guaranty, and the Reaffirmation.

## FACTUAL ALLEGATIONS

12. On December 29, 2020, Northern Trust and Shaw DeKalb Properties, LLC executed the Note, attached hereto as **Exhibit A**, pursuant to which Northern Trust agreed to advance to Shaw DeKalb loans not to exceed the principal amount of $2,825,058.63 (the "Loans"). Exhibit A is a true and correct copy of the

December 29, 2020 Note executed by Pamela J. Shaw on behalf of Shaw DeKalb which was created at or near December 29, 2020 by Northern Trust in the ordinary course of its business, and which is maintained by Northern Trust in the ordinary course of its business.

13. The Note amended, restored, and replaced a previous promissory note in the principal amount of $5,600,000 dated December 29, 2015. Ex. A at 11.

14. In connection with the December 29, 2015 promissory note, Guarantors executed the Guaranty, attached hereto as **Exhibit B**, in favor of Northern Trust. Exhibit B is a true and correct copy of the December 29, 2015 Guaranty executed by Timothy G. Shaw and Pamela J. Shaw in their personal capacities which was created at or near December 29, 2015 by Northern Trust in the ordinary course of its business, and which is maintained by Northern Trust in the ordinary course of its business.

15. In the Guaranty, Guarantors guaranteed "absolutely and unconditionally, the prompt payment and performance when due, whether at maturity by declaration, by demand or otherwise, and at any and all times thereafter, of all indebtedness and other obligations of every kind and nature of the Borrowers, or either of them, to Lender, direct or indirect, absolute or contingent, due or to become due, now or hereafter existing." Ex. B at 2.

16. Pursuant to the Guaranty, the Guarantors further agreed "that the right of recovery against Guarantor hereunder is without limit." *Id.* at 3.

17. Also under the Guaranty, Guarantors agreed upon the occurrence of a Payment Event, including an Event of Default, to pay to Northern Trust immediately upon Northern Trust's demand, the full accelerated amount of Shaw DeKalb's indebtedness. *Id.*

18. Under the Note, Shaw DeKalb promised to pay to Lender, in monthly installments, the amount set forth in the amortization schedule attached to the Note (the "Amortization Schedule"). Ex. A at 1, 15-18.

19. Under the Note, Shaw DeKalb also agreed to "pay interest on the unpaid principal amount from time to time outstanding hereunder at the rate per year equal to the "Prime-Based Rate," meaning "the Prime Rate plus one percent (1.0%) per annum." For purposes of the Note, Prime Rate meant "the rate announced from time to time by [Northern Trust] called its prime rate" and changes in the interest due by Shaw DeKalb were to "take effect on the date set forth in each announcement of a change in the Prime Rate." *Id.* at 4.

20. Under the Note, Shaw DeKalb agreed that if an "Event of Default has occurred and is continuing" it would pay interest on the Loans "at a rate equal to two percent (2%) per year in addition to the rate otherwise applicable under [the] Note." *Id.*

#517380955_v1

21. Shaw DeKalb agreed to pay a late fee of five percent (5%) for any payment under the Note that is fifteen or more days late. *Id.*

22. In addition to debt service, Shaw DeKalb agreed to pay to Lender as an origination fee, the amount of $14,125.29 (the "Origination Fee"), no later than March 31, 2022. *Id.*

23. Shaw DeKalb acknowledged that the Origination Fee was fully due and payable upon any Event of Default. *Id.*

24. On December 29, 2020, Guarantors executed the Reaffirmation, attached hereto as **Exhibit C**, in favor of Northern Trust, guaranteeing the obligations of Shaw DeKalb under the Note. Ex. C at 1. Exhibit C is a true and correct copy of the December 29, 2020 Reaffirmation of Guaranty executed by Timothy G. Shaw and Pamela J. Shaw in their personal capacities which was created at or near December 29, 2020 by Northern Trust in the ordinary course of its business, and which is maintained by Northern Trust in the ordinary course of its business.

25. The Reaffirmation confirmed Guarantor's ongoing obligations as assumed in the Guaranty executed in connection with the December 29, 2015 promissory note. *Id.*

26. The Note provides that a "failure to pay, when and as due, any principal, interest or other amounts payable" constituted an Event of Default. Ex. A. at 6.

27. Under the Note, Shaw DeKalb promised to make 59 consecutive monthly installments of principal in the amounts provided in the Amortization Schedule. Shaw DeKalb also promised to pay a final sixtieth installment of all then remaining unpaid principal and interest accrued upon maturity of the Loans. Ex. A at 1.

28. Under the Note, upon an Event of Default, Northern Trust, at its option, could declare the Note immediately due and payable without notice of any kind, whereupon the entire unpaid principal balance of the Note, all interest accrued thereon, and any other amounts payable under the Note would at once mature and become due and payable. *Id.* at 7.

29. Under the Guaranty, notices to Guarantors were to be addressed and delivered to 491 Second Road East, Stoney Creek, Ontario, CA L8J 2X9. The Guaranty provided that Guarantors were to provide written notice of any change to this address. Ex. B at 7. Guarantors did not provide any such notice.

30. Beginning on June 29, 2024, Shaw DeKalb failed to remit payments when due under the Note.

31. On August 20, 2024, Northern Trust notified Shaw DeKalb that its failure to remit payments due on June 29, 2024 and July 29, 2024 resulted in a past due balance of $63,727.41. Northern Trust demanded that Shaw DeKalb remit payment of $95,969.19, a sum consisting of the past due balance and payment due

on August 29, 2024, by the August due date. **Exhibit D**, attached hereto, is a true and correct copy of the August 20, 2024 notice that was sent by Sonja Veal-Volino, Vice President of Northern Trust, to Shaw DeKalb which was created at or near August 20, 2024 by Northern Trust in the ordinary course of its business, and which is maintained by Northern Trust in the ordinary course of its business.

32. On September 12, 2024, Northern Trust notified Shaw DeKalb and Guarantors that Shaw DeKalb was in default due to its failure to remit payments on June 29, 2024, July 29, 2024, and August 29, 2024. However, Northern Trust stipulated that it would not accelerate the Loans or impose late charges or default interest provided that Shaw DeKalb paid $95,969.19 by September 27, 2024. **Exhibit E**, attached hereto, is a true and correct copy of the September 12, 2024 notice that was sent by Northern Trust to Shaw DeKalb and Guarantors which was created at or near September 12, 2024 by Northern Trust in the ordinary course of its business, and which is maintained by Northern Trust in the ordinary course of its business.

33. On November 7, 2024, Northern Trust notified Shaw DeKalb and Guarantors that Events of Default existed as a result of Shaw DeKalb's failure to remit monthly payment amounts for the months of June, July, August, and September of 2024. In the November 7, 2024 notice, Northern Trust declared the entire debt due under the Note immediately due and payable. **Exhibit F**, attached

hereto, is a true and correct copy of the November 7, 2024 notice that was sent by Holland & Knight LLP, on behalf of Northern Trust, to Shaw DeKalb and Guarantors.

34. The November 7, 2024 notice was sent by overnight delivery, first class mail, and email to Shaw DeKalb and Guarantors.

35. Shaw DeKalb has not made any payment in response to the notices from Northern Trust or otherwise since May 29, 2024.

36. Guarantors have failed to make any payments pursuant to the Guaranty.

37. As of the date of the filing of this Complaint, Shaw DeKalb and Guarantors owe $2,535,329.34 under the Note.

38. As such, Northern Trust is entitled to contractual damages totaling $2,535,329.34 under the Note, the Guaranty, and the Reaffirmation. For the monies due, Northern Trust is entitled to pre-judgment interest at the contract rate or the maximum rate permitted by law, as well as late charges. Ex. A at 4.

39. Northern Trust is further entitled to late charges at a rate of 5% of the overdue payments. *Id.*

## COUNT 1
(BREACH OF CONTRACT)
(Against Shaw DeKalb)

40. Northern Trust incorporates the preceding paragraphs as if set forth fully herein.

41. Pursuant to the Note, Shaw DeKalb agreed to make monthly payments ranging between $11,246.89 and $21,176.39 as set forth in the Amortization Schedule.

42. Shaw DeKalb breached the terms of the Note by failing to make monthly payments since June 2024 on the Note in accordance with the terms specified therein, and therefore, is in default of the Note.

43. Shaw DeKalb has failed to pay any amount of the now-due balances.

44. Northern Trust has fully performed and complied with its obligations under the Note.

45. As such, Northern Trust has been injured and is entitled to damages in the amount of $2,535,329.34 under the Note, after crediting Shaw DeKalb for all payments received.

46. Northern Trust is also entitled to pre-judgment interest at the contract rate or the maximum rate permitted by law, late charges at a rate of 5% of the overdue payment, attorneys' fees, and other collections costs as permitted by the Note or by law.

47. Under the Note, Shaw DeKalb knowingly and unconditionally waived any right to have a jury participate in resolving any dispute between Shaw DeKalb and Northern Trust related to the Note. Ex. A at 11.

**WHEREFORE**, Plaintiff Northern Trust respectfully requests that this Court enter judgment in favor of Northern Trust and against Defendant Shaw DeKalb for damages in the amount of $2,535,329.34, plus pre-judgment and post-judgment interest, late charges, and contractual attorneys' fees and costs.

## COUNT II
### (BREACH OF GUARANTIES)
### (Against Guarantors)

48. Northern Trust incorporates the preceding paragraphs as if set forth fully herein.

49. Guarantors guaranteed full payment of all liabilities and obligations of Shaw DeKalb pursuant to the Note.

50. Guarantors breached the Guaranty and Reaffirmation by failing to remit full payment of all indebtedness and other obligations of Shaw DeKalb.

51. As such, Northern Trust has been injured and is entitled to damages in the amount of 2,535,329.34 under the Note, the Guaranty, and the Reaffirmation after crediting Shaw DeKalb for all payments received.

52. Guarantors are jointly and severally liable with Shaw DeKalb for Shaw DeKalb's indebtedness under the Note. *See* O.C.G.A. § 10-7-1.

53. Northern Trust is also entitled to pre-judgment interest at the contract rate or the maximum rate permitted by law, late charges at the rate of 5% of the

overdue payment, attorney's fees, and other collection costs as permitted by the Note, the Guaranty, the Reaffirmation, or by law.

54. Under the Guaranty, Guarantors knowingly and unconditionally waived any right to have a jury participate in resolving any dispute between Guarantors and Northern Trust related to the Guaranty. Ex. B at 9.

**WHEREFORE,** Plaintiff Northern Trust respectfully requests that this Court enter judgment in favor of Northern Trust and against Defendants Pamela J. Shaw and Timothy G. Shaw for damages in the amount of 2,535,329.34 plus pre-judgment and post-judgment interest, late charges and contractual attorneys' fees and costs.

## COUNT III
ATTORNEY'S FEES
(Against All Defendants)

55. Northern Trust incorporates the preceding paragraphs as if set forth fully herein.

56. Under the Note, Shaw DeKalb has agreed to pay upon demand all expenses, "including reasonable attorney's fees, legal costs, and expenses" incurred or paid by Northern Trust in connection with the enforcement or preservation of its rights under the Note. Ex. A at 9.

57. Under the Guaranty, Guarantors have agreed to pay upon demand all expenses "including actual and reasonable attorneys' fees, legal costs and expenses"

incurred or paid by Northern Trust in connection with the enforcement or preservation of Northern Trust's rights under the Guaranty. Ex. B. at 7.

58. Accordingly, Northern Trust is entitled to attorney's fees, legal costs, and expenses as stated in the Note and the Guaranty.

59. Under the Note and Guaranty, Shaw DeKalb and Guarantors have each waived any right to have disputes with Northern Trust arising from the Note or the Guaranty resolved by a jury. *Supra ¶¶* 47; 54.

**WHEREFORE,** Plaintiff Northern Trust respectfully requests that this Court enter judgment in favor of Northern Trust and against Defendants Shaw DeKalb Properties, LLC, Pamela J. Shaw, and Timothy G. Shaw for damages in the amount of 2,535,329.34 plus pre-judgment and post-judgment interest, late charges and contractual attorneys' fees and costs.

Dated: February 26, 2025

                                        Respectfully submitted,

                                        **HOLLAND & KNIGHT LLP**

                                        */s/ Cynthia G. Burnside*
                                        Cynthia G. Burnside
                                        Georgia Bar No.: 97107
                                        1180 West Peachtree Street, N.W.
                                        Suite 1800
                                        Atlanta, GA  30309
                                        Telephone: (404) 817-8500
                                        Facsimile: (404) 881-0470
                                        cynthia.burnside@hklaw.com

*Attorney for The Northern Trust Company*

#517380955_v1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE NORTHERN TRUST COMPANY, an Illinois banking corporation, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) |
| SHAW DEKALB PROPERTIES, LLC, a Georgia limited liability company, and PAMELA J. SHAW, and TIMOTHY G. SHAW | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **VERIFICATION**

I, Jordan Kiel, being duly sworn, depose and state:

1. I have been employed by the Northern Trust Company, the plaintiff in the above-captioned action, for 11 years.

2. My current role at The Northern Trust Company is President – Georgia Wealth Management.

3. In my role as President – Georgia Wealth Management, I am familiar with the matters described in the foregoing Verified Complaint and the documents attached thereto.

15

#517380955_v1

4. I have read the foregoing Verified Complaint and know the contents thereof.

5. The allegations of fact contained in the Verified Complaint are true to the best of my knowledge, information, and belief.

6. Each of the attachments to the Verified Complaint is a true and correct copy of the corresponding document referenced therein.

7. All of the attachments to the Verified Complaint are business records that were created by Northern Trust at or near the time indicated, and in the normal course of business and are maintained by Northern Trust in the normal course of business.

8. I understand that false statements made herein are punishable by law, including but not limited to penalties for perjury.

_____
Jordan Kiel

#517380955_v1